**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MMAS RESEARCH LLC, a Washington limited liability company,

Plaintiff,

v.

NEW YORK UNIVERSITY; PFIZER INC.; ICAHN SCHOOL OF MEDICINE AT MOUNT SINAI; DOES 1 through 10, inclusive,

Defendants

Civ. Action No. 1:25-cv-07026-LJL

# MEMORANDUM OF LAW IN SUPPORT OF

# PFIZER INC.'S MOTION TO DISMISS THE COMPLAINT

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS .......... 2

A. Plaintiff, the MMAS Tests, and Morisky Widget .......... 2

B. The PALLAS Study and the Allegations As to Pfizer .......... 3

C. Allegations Relating to the Trade Secret Claim .......... 4

ARGUMENT .......... 5

I. The complaint fails to allege that Pfizer infringed any copyright owned by Plaintiff. .......... 5

A. Plaintiff alleges ownership of copyright in a derivative work (the Morisky Widget computer program) but does not own the copyright in the pre-existing MMAS-4 and MMAS-8 tests. .......... 6

B. The Complaint does not allege that Pfizer engaged in any infringing act with respect to the Morisky Widget computer program. .......... 8

C. Even assuming that Plaintiff owned any copyright in the underlying MMAS-4 or MMAS-8 tests, the Complaint does not plausibly allege that Pfizer engaged in any infringing act with respect to those tests. .......... 10

II. The complaint fails to plausibly allege trade secret infringement as to Pfizer. .......... 10

CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....2, 5, 9

*Atticus Ltd. Liability Co. v. Dramatic Publishing Co.*,
2025 WL 2110943 (2d Cir. July 29, 2025)....7

*Austin v. Town of Farmington*,
826 F.3d 622 (2d Cir. 2016)....5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....5, 9

*Brought to Life Music, Inc. v. MCA Records, Inc.*,
No. 02-cv-1164, 2003 WL 296561 (S.D.N.Y. Feb. 11, 2003)....9

*Democratic Nat'l Comm. v. Russian Fed.*,
392 F. Supp. 3d 410 (S.D.N.Y. 2019)....10

*Elsevier Inc. v. Doctor Evidence, LLC*,
2018 WL 557906 (S.D.N.Y. Jan. 23, 2018)....11, 12

*Faiveley Transport Malmo AB v. Wabtec Corp.*,
559 F.3d 110 (2d Cir. 2009)....10

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991)....6

*Ferdman v. CBS Interactive Inc.*,
342 F. Supp. 3d 515 (S.D.N.Y. 2018)....2, 7

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
586 U.S. 296 (2019)....6

*Golub Capital LLC v. NB Alt. Advs. LLC*,
2022 No. 21-cv-3991 (LJL), 2022 WL 540653 (S.D.N.Y. Feb. 22, 2022)....10, 11

*Gottlieb Development LLC v. Paramount Pictures Corp.*,
590 F. Supp. 2d 625 (S.D.N.Y 2008)....4

*Island Software & Comput. Serv. v. Microsoft Corp.*,
413 F.3d 257 (2d Cir. 2005)....2

*Jiajia Luo v. Sogou, Inc.*,
465 F. Supp.3d 393 (LJL) (S.D.N.Y. 2020) ....................5

*John Wiley & Sons, Inc. v. DRK Photo*,
882 F.3d 394 (2d Cir. 2018)....................6

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir. 1991)....................9

*MMAS Research LLC v. Children's Hosp. Corp.*,
No. 24-cv-12108-DJC (D. Mass. Aug. 12, 2025)....................12

*Palmer Kane LLC v. Scholastic Corp.*,
No. 12-cv-3890, 2013 WL 709276 (S.D.N.Y. Feb. 27, 2013) ....................9

*Sapir v. Rosen*,
No. 20-cv-6191, 2021 WL 4482277 (S.D.N.Y. Sept. 30, 2021) ....................11

*Spinelli v. Nat'l Football League*,
903 F.3d 185 (2d Cir. 2018)....................5

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
547 F.3d 406 (2d Cir. 2008)....................13

*Stewart v. Abend*,
495 U.S. 207 (1990)....................7

*Town & Country Linen Corp. v. Ingenious Designs LLC*,
556 F. Supp. 3d 222 ....................11

**Statutes**

17 U.S.C.
§ 101....................6
§ 102(a) ....................6
§ 103(b)....................7
§ 106....................5, 6, 10

18 U.S.C.
§ 1839....................11, 12

**Other Authorities**

United States Copyright Office Circular 14, "Copyright in Derivative Works and Compilations" (https://www.copyright.gov/circs/circ14.pdf) ....................2

**PRELIMINARY STATEMENT**

Defendant Pfizer Inc. ("Pfizer") submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint as against Pfizer for failure to state a claim for relief.

Plaintiff MMAS Research LLC ("MMAS Research" or "Plaintiff") asserts two claims against Pfizer: The Second Claim for Relief purports to allege copyright infringement under 17 U.S.C. § 101 et seq., and the Fourth Claim for Relief purports to allege trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1839(3), and under New York law. The Complaint fails to plausibly allege either claim with respect to Pfizer, and should be dismissed as against Pfizer for multiple independent reasons.

First, on the face of its copyright registration, Plaintiff owns copyright only in the computer program that it calls the "Morisky Widget" and not in the preexisting MMAS-4 and MMAS-8 tests that may be incorporated into that computer program. The Complaint fails to allege that Pfizer engaged in any conduct at all with respect to Plaintiff's computer program, that Pfizer was even involved in the actual conduct of the clinical drug trials alleged in the Complaint (rather than in merely reporting on one of those studies in a medical journal), or that the PALLAS study (the only study Pfizer even reported on) even used the Plaintiff's computer program.

Second, even if Plaintiff owned some copyright in the underlying MMAS-4 and MMAS-8 studies (despite that its copyright registration expressly excludes those as preexisting matter), the Complaint fails to allege that Pfizer engaged in any infringing conduct with respect to the MMAS-4 or MMAS-8 tests, merely alleges that a Pfizer employee co-authored an article that described how one clinical drug trial used the MMAS-4 test, and does not even allege that the article quoted any portions of the MMAS-4 test.

Third, with respect to the trade secrets claim, the Complaint fails to plausibly allege that Plaintiff even owns any trade secret that was obtained by Pfizer, much less allege that Pfizer engaged in any conduct that could constitute misappropriation of any alleged trade secret.

# STATEMENT OF FACTS[1]

## A. Plaintiff, the MMAS Tests, and Morisky Widget

MMAS Research claims to be a well-established company specializing in research on patient adherence to medication. Compl. ¶ 1. MMAS Research is the owner of a copyright registration, U.S. Copyright Registration No. TX 8-816-517, for what it calls the MMAS Research Widget Code or the "Morisky Widget." Compl. ¶ 5. Although MMAS Research did not submit its copyright registration certificate with the Complaint, Pfizer submits it herewith (*see* Exhibit 1), and the Court can take judicial notice of it as an official record. *See Island Software & Comput. Serv. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005). That registration, entitled "MMAS Research Widget Code," states on its face that the "new material" included in the copyright claim is a "computer program." Exhibit 1.[2]

The complaint alleges that "[T]he Morisky Widget are [sic] diagnostic assessments to measure and identify medication non-adherence behaviors." Compl. ¶ 19. The Complaint also alleges that the Morisky Widget "includes the 'Morisky Medication Adherence Scale (8-item)' ('MMAS-8') and the 'Morisky Medication Adherence Scale (4-item)' ('MMAS-4') tests, as part of its federal copyright registration." In fact, the Morisky Widget copyright registration refers to "Previous Registrations" for the MMAS-4 and MMAS-8 under the "limitation of copyright claim" section, thereby expressly excluding the MMAS-4 and MMAS-8 as pre-existing works. Thus, the Morisky Widget copyright registration (which, as noted above, covers only a "computer program") refers to previous registrations No. TX-8-285-390 and No. TX-8-632-533 (copies of which are

---

[1] The Statement of Facts is based on the well-pleaded allegations of the Complaint, which, to the extent that they are not conclusory and are supported by "plausible" factual content, are deemed to be true for purposes of this Rule 12 motion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Where indicated, the Statement of Facts also includes matter that of which the Court can take judicial notice, such as official public records and documents central to Plaintiff's claims. References to "Exhibit" or "Ex." are to the exhibits attached to the Declaration of Paul C. Llewellyn, submitted herewith.

[2] For this "new material" section, the Copyright Office instructs copyright applicants to "describe all new copyrightable authorship covered by the copyright claim for which registration is sought." See United States Copyright Office Circular 14, "Copyright in Derivative Works and Compilations" (https://www.copyright.gov/circs/circ14.pdf) at p.3; see also Ferdman v. CBS Interactive Inc., 342 F. Supp. 3d 515, 524–25 (S.D.N.Y. 2018) (copyright registration only covers matter identified in registration certificate).

attached as Exhibit 2 and Exhibit 3), which are registrations issued to Dr. Donald Morisky covering, respectively, "Morisky Medication Adherence Scale (4-item)" and "Morisky Medication Adherence Scale (8-item)" and covering certain text elements, *i.e.* the MMAS-4 and MMAS-8 tests.

**B. The PALLAS Study and the Allegations As to Pfizer**

The Complaint refers vaguely to a "PALLAS" study and a "SECURE" study, which Pfizer understands to be clinical drug studies. *See* Compl. ¶ 24. Because the Complaint does not allege any specific conduct whatsoever by Pfizer relating to the SECURE study, allegations regarding the SECURE study (which appear to be mis-joined with the claims against Pfizer) are immaterial with respect to claims against Pfizer.

The Complaint alleges that the PALLAS study "altered the construct validity of the MMAS scales, significantly impacting both studies' internal validity, accuracy and reliability of the MMAS results." Compl. ¶ 24. The Complaint does not allege that the PALLAS study utilized the Morisky Widget computer software.

The Complaint also does not allege that Pfizer participated in *conducting* the PALLAS study. Rather, it alleges, "On information and belief, Ernest Law, employee of Defendant Pfizer, and Yelena Novik, employee of Defendant NYU were co-authors of a March 2025 article on the PALLAS Study, entitled 'Impact of adding palbociclib on treatment adherence to ongoing adjuvant endocrine treatment in the global randomized PALLAS randomized trial in patients with early breast cancer.' https://link.springer.com/article/10.1007/s10549-025-07653-2" and that the content in the article was the responsibility of the authors. Compl. ¶¶ 25, 26.

The Complaint further alleges, "On information and belief, in the PALLAS study article Defendants New York University and Pfizer altered the construct validity of the MMAS-4 by adding a fifth question, '*All things considered, did you actually take your* (Palbociclib/ Anti-hormone pill) *exactly as directed by your doctor*?', and "in the PALLAS study article . . . , by changing the MMAS-4 scoring and coding criteria . . ." Compl. ¶¶ 27, 28. The Complaint thereby appears to conflate the PALLAS *study* with the *article* reporting on the PALLAS study. Construed

plausibly, however, the complaint appears to allege that a Pfizer employee contributed to a medical journal article that *reported on* what the PALLAS study did concerning the MMAS-4 test (but does not allege that the article even mentioned the Morisky Widget at all). *Id.*[3] Moreover, a review of the article (E. Shinn et al., *Impact of adding palbociclib on treatment adherence to ongoing adjuvant endocrine treatment in the global randomized PALLAS randomized trial in patients with early breast cancer*, 211 Breast Cancer Res. & Treat. 385 (2025), attached as Exhibit 7) – which is central to Plaintiff's claims and is cited in the Complaint, and therefore amenable to judicial notice[4] – confirms that there are no references in the article at all to the "widget."

The Complaint alleges, in conclusory fashion, that "MMAS Research is informed and believes and thereon alleges that Defendants NYU, Pfizer, and Mt. Sinai, without authorization, infringed the Morisky Widget copyright by exploiting the Morisky Widget MMAS-8 in the Pallas and Secure studies." Compl. ¶ 50. The Complaint does not explain what the "Morisky Widget MMAS-8" is, or allege how Pfizer "exploited" the Morisky Widget in any study. Nor does the Complaint allege any facts on which the foregoing allegation on "informat[ion]" and "belie[f]" is based. The Complaint also alleges, again in conclusory fashion, that "Defendants NYU, Pfizer, and Mt. Sinai willfully committed no less than 13,000 infringements of the MMAS-4 and MMAS-8 copyrights in the Pallas and Secure Studies." Compl. ¶ 51. The Complaint does not state what alleged conduct Pfizer engaged in that purportedly amounted to "no less than 13,000 infringements of the MMAS-4 and MMAS-8 copyrights in the Pallas and Secure Studies."

### C. Allegations Relating to the Trade Secret Claim

Plaintiff's allegations with respect to its trade secret claim focus on alleged trade secrets in the MMAS Research Widget Code. Specifically, the Complaint alleges:

---

[3] The Complaint also refers to a study called "RENACALL" that Pfizer purportedly was involved in, but makes no specific claims with respect to that study. See Compl. ¶ 29.

[4] The Court can take judicial notice of materials alleged in the complaint to be infringing, deeming them "incorporated by reference." *Gottlieb Development LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 629 (S.D.N.Y 2008).

> Plaintiff MMAS Research possesses and vigorously asserts trade secret rights in the MMAS Research Widget Code, including its proprietary scoring and coding algorithms that are used in or intended for use in interstate commerce. These trade secrets are highly valuable intellectual property assets, representing years of research and development. They are not generally known to others in the industry and provide MMAS Research with a significant competitive advantage. MMAS Research has consistently implemented robust measures to maintain the secrecy of this information, including but not limited to strict confidentiality agreements, limited access protocols, and secure storage systems.

Compl. ¶ 54.

Beyond that, the Complaint summarily alleges, "Defendants NYU, Pfizer, and Mt. Sinai misappropriated Plaintiff's confidential, proprietary, and trade secret MMAS-4 and MMAS-8 scoring and coding criteria." Compl. ¶ 57. The Complaint does not allege any specific actions that Pfizer took to purportedly gain or misappropriate any trade secrets of Plaintiff.

## ARGUMENT

For purposes of this motion, the Court is required to take the well-pleaded facts alleged in the complaint as true and draw all reasonable inferences in MMAS Research's favor. *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Jiajia Luo v. Sogou, Inc.*, 465 F. Supp.3d 393, 405 (LJL) (S.D.N.Y. 2020) (granting motion to dismiss), (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Id.* A complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007).

### I. The complaint fails to allege that Pfizer infringed any copyright owned by Plaintiff.

To state a claim for copyright infringement, "a plaintiff must allege both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018). Infringement means a violation of one of the exclusive rights held by the copyright owner under 17 U.S.C. § 106. Those are the rights to "reproduce the work, prepare derivative works, distribute the work to the public, perform the work, display the

work, and perform the work by means of digital transmission." *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 402 (2d Cir. 2018) (citing 17 U.S.C. § 106). Copying of constituent elements of the copyrighted work "that are original" is an element of an infringement claim. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

As set forth below, the only copyright that Plaintiff plausibly alleges ownership of is in the Morisky Widget software code, *see, e.g.,* Compl. ¶¶ 18, 46, and the only copyright registration that plaintiff asserts is the one covering the Morisky Widget code, *see* Compl. ¶ 18.[5] That copyright registration, on its face, covers only a "computer program." *See* Ex. 1.

Although Plaintiff attempts to conflate the Morisky Widget computer program with the MMAS-4 and MMAS-8 tests, and to suggest that Pfizer somehow infringed Plaintiff's rights by doing something with respect to the MMAS-4 or MMAS-8 tests, that claim fails as a matter of law because, as set forth below, the Morisky Widget is a derivative work and ownership of it does not give rise to copyright in any pre-existing matter (such as the MMAS-4 or MMAS-8 tests) that it might incorporate. The Complaint does not plausibly allege any act of infringement by Pfizer of the Morisky Widget computer program. And, even if Plaintiff had some copyright interest in the underlying MMAS-4 or MMAS-8 tests contained in the Morisky Widget, the Complaint fails to plausibly allege any act of infringement by Pfizer of those tests.

### A. Plaintiff alleges ownership of copyright in a derivative work (the Morisky Widget computer program) but does not own the copyright in the pre-existing MMAS-4 and MMAS-8 tests.

Under the Copyright Act, a work "based upon one or more preexisting works" is a "derivative work." 17 U.S.C. § 101. An author has a copyright in "original works of authorship," 17 U.S.C. § 102(a), including derivative works, provided that the preexisting material has not been "used unlawfully." *Id.* § 103(a). As the Court of Appeals has explained, however, the author of a

[5] Notably, a copyright registration is a prerequisite to filing a claim for copyright infringement. *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019). Given that the only registration asserted by Plaintiff is that covering the Morisky Widget computer program, that is the only work that Plaintiff can allege was infringed.

derivative work *does not have a copyright in the preexisting work*: "The aspects of a derivative work added by the derivative author are that author's property, but the element drawn from the pre-existing work remains on grant from the owner of the pre-existing work." *Atticus Ltd. Liability Co. v. Dramatic Publishing Co.*, 2025 WL 2110943 (2d Cir. July 29, 2025), quoting *Stewart v. Abend*, 495 U.S. 207, 223 (1990). Copyright in a derivative work "extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material." 17 U.S.C. § 103(b). Put more simply, the owner of a derivative work does not have any copyright interest in the preexisting material incorporated into that work.

Here, the Complaint alleges that MMAS Research owns the copyright to the Morisky Widget – the original material of which consists of a "computer program," according to the registration certificate (Ex. 1). *See Ferdman v. CBS Interactive Inc.*, 342 F. Supp. 3d 515, 524–25 (S.D.N.Y. 2018) (copyright registration only covers matter identified in registration certificate). The Complaint does *not* allege ownership of copyright to the underlying MMAS-4 or MMAS-8. Presumably because Plaintiff cannot allege in good faith that Pfizer actually copied or used the Morisky Widget (more on that below), it tries to obscure this issue by alleging that the Morisky Widget both "incorporates" and "includes" the MMAS-4 and MMAS-8 tests as part of its federal copyright registration without actually alleging that Plaintiff owns copyright in those tests. Compl. ¶ 1, 19. This effort misapprehends copyright law and the scope of Plaintiff's alleged copyright registration. Plaintiff's Morisky Widget computer program registration (Ex. 1) *expressly excludes* the MMAS-4 and MMAS-8 tests as preexisting matter, referencing Registration No. TX 8-285-390 for the "Morisky Medication Adherence Scale (4-item)" and Registration No. TX 8-623-533

for the "Morisky Medication Adherence Scale (8-item)" as preexisting matter.[6] What is more, the MMAS-4 and MMAS-8 tests were created years before the Morisky Widget: The MMAS-4 was created and copyrighted in 1986, and the MMAS-8 was created in 2006 and copyrighted in 2018. *See* Exs. 2, 3. As a matter of law, Plaintiff has no copyright in the preexisting MMAS-4 and MMAS-8 tests themselves that are incorporated into its computer program.

### B. The Complaint does not allege that Pfizer engaged in any infringing act with respect to the Morisky Widget computer program.

The crux of the complaint's copyright infringement claim appears to be that the defendants purportedly infringed the asserted copyright in the Morisky Widget computer program in the course of conducting the PALLAS and SECURE studies, apparently by doing something with respect to the underlying MMAS-8 test – again, as above, conflating the computer program and the test. Thus, Plaintiff alleges that defendants "infringed the Morisky Widget copyright by exploiting the Morisky Widget MMAS-8 in the Pallas and Secure studies," Compl. ¶ 50, and "willfully committed no less than 13,000 infringements of the MMAS-4 and MMAS-8 copyrights in the Pallas and Secure Studies," Compl. ¶ 51.

There are numerous defects with these allegations, including that they appear to alternate between asserting the Morisky Widget *computer program* copyright and alleging infringement of the MMAS-4 and MMAS-8 *tests*, which are not the same thing (as discussed above), they refer to the "Morisky Widget MMAS-8" without anywhere explaining what that *is*, and then they appear to allege infringement of "MMAS-4 and MMAS-8 copyrights" although Plaintiff does not plausibly allege ownership of copyright in the MMAS-4 and MMAS-8 tests.[7]

---

[6] True copies of the registration certificates for Registration Nos. TX 8-285-390 and Registration No. TX 8-623-533, issued to Dr. Donald Morisky, are attached as Exhibits 2 and 3, respectively.

[7] The somewhat unclear nature of the Complaint may be attributable to the Plaintiff's apparent effort to sue as many defendants as possible (PACER indicates that Plaintiff has filed at least seven copyright infringement lawsuits since June 2025), sometimes mis-joining them as has happened here, before another case, pending between Dr. Donald Morisky (the creator of the MMAS-4 and MMAS-8 tests) and Plaintiff, is tried in November 2025. See *Morisky v. MMAS Research LLC et al.*, No. 2:21-cv-01301 (W. D. Wash.); Exhibit 4 (order setting November 17, 2025 trial date). In that case, MMAS Research and Dr. Morisky are litigating whether MMAS Research owns any rights in the Morisky Widget or has any rights to use the MMAS-4 or MMAS-8 tools. Among other things, the court in that case

Critically, moreover, the Complaint does not even specifically allege that the PALLAS study actually *used* Plaintiff's "Morisky Widget" computer program. (Presumably this is not alleged because the study did *not* use the program, as counsel for Plaintiff has been advised. Indeed, the PALLAS study article cited by Plaintiff expressly states that patients "were asked to complete modified MMAS-4 . . . *paper questionnaires*," *see* Ex. 7 at p.387 (emphasis added).) Rather, the Complaint makes only the vague and conclusory allegations of Paragraphs 50 and 51 quoted above. Such threadbare allegations do not meet the pleading requirements *Iqbal* and *Twombly*. *See Palmer Kane LLC v. Scholastic Corp.*, No. 12-cv-3890, 2013 WL 709276, at *1–3 (S.D.N.Y. Feb. 27, 2013) (dismissing allegations of copyright infringement where the complaint failed to "sufficiently plead the works at issue, the infringing acts, and the relevant time period); *Brought to Life Music, Inc. v. MCA Records, Inc.*, No. 02-cv-1164, 2003 WL 296561, at *1 (S.D.N.Y. Feb. 11, 2003) (dismissing claim of copyright infringement where the complaint did not allege "by what acts during what time the defendant infringed.").

With respect to any specific conduct by Pfizer, moreover, the Complaint is entirely lacking. To begin, the Complaint does not allege that Pfizer had anything at all to do with the SECURE study. As for the PALLAS study, the Complaint does not allege that Pfizer had any role in using the Morisky Widget in connection with that study, *or even had any role in the conduct of the study*. Nowhere does the complaint allege that Pfizer copied or reproduced or displayed Plaintiff's computer program at all, or had access to the computer code in which plaintiff claims copyright. Rather, with respect to Pfizer, the Complaint merely alleges that "Ernest Law, employee of Defendant Pfizer, and Yelena Novik, employee of Defendant NYU were co-authors of a March 2025 article on the PALLAS Study . . . .," Compl. ¶ 25, and that defendants "altered the construct

---

has imposed sanctions on MMAS Research, including limiting its defenses at trial as well as ordering that an adverse jury instruction be provided as a result of spoliation of evidence by MMAS Research's principal Steve Trubow. True copies of 8/20/2024 report and recommendation regarding Dr. Morisky's motion for sanctions, and the 9/10/2024 order adopting the report and recommendation, are attached as Exhibits 5 and 6, respectively. The Court can take judicial notice of these documents relating to another lawsuit, "to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

validity of the MMAS-4 by adding a fifth question," Compl. ¶ 27, thereby "changing the MMAS-4 scoring and coding criteria. . .[by] summing the five questions," Compl. ¶ 28. But co-authoring a medical journal article that merely reports on a study and describes what the study did (and that, to be clear, is not alleged to even reference the Morisky Widget) does not plausibly suggest any 17 U.S.C. § 106 acts of infringement of the plaintiff's asserted Morisky Widget computer program.

### C. Even assuming that Plaintiff owned any copyright in the underlying MMAS-4 or MMAS-8 tests, the Complaint does not plausibly allege that Pfizer engaged in any infringing act with respect to those tests.

Further, even assuming that Plaintiff plausibly alleged some rights in the underlying MMAS-4 and MMAS-8 tests (and, as set forth above, it does not), there is no allegation whatsoever that Pfizer copied or engaged in any other infringing acts with respect to those tests. Again, there is no specific allegation that Pfizer conducted the PALLAS study or administered any MMAS tests to patients in that study or made copies of the MMAS-4 or MMAS-8 test. Rather, as noted above, the complaint merely alleges that Pfizer's employee *co-authored a medical journal article* that described the PALLAS study, and that the article referenced an additional question that was used in the PALLAS study and that, according to Plaintiff itself, *is not even part of the MMAS-4 test*. Compl. ¶ 27. The Complaint does not even allege that the article quoted any portions of the MMAS-4 test (and the article does not do so). The Complaint fails to plausibly allege any act by Pfizer with respect to the MMAS-4 (or MMAS-8) that could constitute copyright infringement, and should be dismissed.

## II. The complaint fails to plausibly allege trade secret infringement as to Pfizer.

"To succeed on a claim for the misappropriation of trade secrets under New York law, a party must demonstrate: (1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." *Golub Capital LLC v. NB Alt. Advs. LLC*, 2022 No. 21-cv-3991 (LJL), 2022 WL 540653, at *13 (S.D.N.Y. Feb. 22, 2022) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 117 (2d Cir. 2009); *see also Democratic Nat'l Comm. v. Russian Fed.*, 392

F. Supp. 3d 410, 447 (S.D.N.Y. 2019). "Similarly, under the federal Defend Trade Secrets Act, 'a party must show "an uncontested disclosure or use of a trade secret by one who (i) used improper means to acquire the secret, or, (ii) at the time of disclosure, knew or had reason to know that the trade secret was acquired through improper means, under circumstances giving rise to a duty to maintain the secrecy of the trade secret, or derived from or through a person who owed such a duty."'" *Golub Capital v. NB Alt. Advs.*, WL 540653 at *13 (quoting *Elsevier Inc. v. Doctor Evidence, LLC*, 2018 WL 557906, at *3 (S.D.N.Y. Jan. 23, 2018).

As this Court has held, under the DTSA, "'improper means' includes 'theft, bribery, misrepresentation, [and] breach or inducement of a breach of a duty to maintain secrecy,' but excludes 'reverse engineering, independent derivation, or any lawful means of acquisition.'" *Town & Country Linen Corp. v. Ingenious Designs LLC*, 556 F. Supp. 3d 222, 255 (quoting 18 U.S.C. § 1839(6)). Similarly, "improper means" under New York law are "'fraudulent misrepresentations to induce disclosure, tapping of telephone wires, eavesdropping or other espionage.... In general they are means which fall below the generally accepted standards of commercial morality and reasonable conduct.'" *Id.*

"[T]o survive a motion to dismiss, a party alleging that it owns a trade secret must put forth specific allegations as to the information owned and its value." *Elsevier Inc. v. Doctor Evidence, LLC*, No. 17-cv-5540, 2018 WL 557906, at *4 (S.D.N.Y. Jan. 23, 2018); *see also, e.g., Sapir v. Rosen,* No. 20-cv-6191, 2021 WL 4482277, at *5 (S.D.N.Y. Sept. 30, 2021) ("Although the Second Circuit has not articulated a specificity requirement, district courts in this circuit routinely require that plaintiffs plead their trade secrets with sufficient specificity to inform the defendants of what they are alleged to have misappropriated.").

Here, the Complaint fails to adequately allege either ownership of a protectable trade secret or misappropriation by Pfizer. With respect to ownership of an alleged trade secret, the Complaint merely asserts that Plaintiff owns trade secret rights with respect to the "MMAS Research Widget Code, including its proprietary scoring and coding algorithms." That is the entire description of

the alleged trade secret. Such cursory allegations fall short of the requirement of "specific allegations as to the information owned and its value." *Elsevier*, 2018 WL 557906, at *4.

Even if Plaintiff's cursory assertion of ownership of a trade secret was sufficient, there is no allegation in the Complaint that Pfizer obtained, used, or did anything at all with respect to the Morisky Widget computer program or with its purported "proprietary scoring and coding algorithms." Nothing in the Complaint alleges the Pfizer acquired the computer program or its algorithms at all, much less in breach of an agreement, confidential relationship or duty, or by "improper means" as that term is construed under the DTSA or New York law. The Complaint does not even allege that Pfizer had access to the computer program.

Indeed, addressing similar allegations by MMAS Research in another case, the District of Massachusetts recently dismissed Plaintiff's trade secrets claim against another defendant, Boston Children's Hospital. *See MMAS Research LLC v. Children's Hosp. Corp.*, No. 24-cv-12108-DJC (D. Mass. Aug. 12, 2025). In that case, as here, MMAS Research alleged ownership of trade secrets in the widget code, but did not allege specific misappropriation of the Morisky Widget by Boston Children's Hospital. Granting a Rule 12(b)(6) motion to dismiss the trade secret claim, the court held, "[T]he allegations. . .do not indicate that source code or other trade secrets for the Morisky Widget was disclosed or distributed by the BCH Defendants to anyone, thereby constituting misappropriation. Even reading the amended complaint in the light most favorable to MMAS, it has failed to plausibly allege misappropriation of trade secrets in violation of the DTSA." *Id*. at 15.

Lastly, to the extent that the complaint suggests trade secret rights in the scoring and coding of the *underlying* MMAS-4 or MMAS-8 tests, it also fails to state a claim for relief, for three independent reasons. First, MMAS Research does not allege any actual misappropriation by Pfizer. As noted above, misappropriation means acquisition of the trade secret by improper means, 18 U.S.C. § 1839(5)(A), or disclosure or use without consent in some cases, 18 U.S.C. § 1839(5)(B). There is no plausible allegation that Pfizer misappropriated any secrets regarding the scoring or coding of the underlying MMAS-4 or MMAS-8, rather than simply reported in a medical journal

article about the results of a study. Second, the complaint fails to allege how MMAS Research could even own trade secret rights in preexisting matter incorporated into its computer program. Third, the alleged trade secret *is not secret*, including as a result of Plaintiff's own conduct. Thus, Plaintiff itself has publicly disclosed the scoring and coding of underlying at least one of the MMAS tests, the MMAS-8, in Exhibit 1 to the Complaint in this very case. And Dr. Morisky (the creator of the MMAS-4 and MMAS-8) also explained the purported "secret" of the MMAS coding and scoring in an article published nearly two decades ago. *See* Donald E. Morisky et al., *Predictive Validity of a Medication Adherence Measure in an Outpatient Setting*, 10 J. Clinical Hypertension 348 (2008), available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2562622/.[8] Plaintiff fails to allege that it owns any trade secrets in the coding and scoring of the MMAS-4 and MMAS-8, and fails to allege any misappropriation by Pfizer.

## CONCLUSION

For all of the foregoing reasons, the Court should dismiss the complaint in its entirely as to Pfizer.

Dated: September 26, 2025

Respectfully submitted,

*/s/Paul C. Llewellyn*

Paul C. Llewellyn
Paul.Llewellyn@arnoldporter.com
Catherine M. Langhans
Catherine.Langhans@arnoldporter.com
ARNOLD & PORTER LLP
250 West 55th Street
New York, NY 10019-9710
T: 212-836-8000
F: 212-386-8689

*Counsel for Defendant Pfizer Inc.*

[8] Courts routinely take judicial notice of the existence of and statements within articles, even if not the truth of the matter asserted in those articles. *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). Thus, the Court can properly take notice of Dr. Morisky's published article explaining the MMAS coding and scoring.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on September 26, 2025, to all counsel of record via ECF and electronic mail.

*/s/Paul C. Llewellyn*